HAIGHT v. EXECUTORS OF BERGH.

This court will quash a writ of attachment against executors, commanding a Sheriff to attach the defendants by *their* goods and chattels, lands, &c. so that they appear, &c. to answer, &c.

An attachment under our statute, *Rev. Laws*, 355, is a proceeding *in rem*, and obviously inconsistent with the law of administration of estates, as established in this State.

Warren Haight, the plaintiff in attachment, on the 26th of October last, made oath before a Justice of the Peace of this State, that John C. Bergh and Lewis Bergh, executors of the last will and testament of Lewis Bergh, late of New York city, deceased, were not to his knowledge or belief, *resident* at the time in this State, and that they *owed* to him (deponent) and Catharine, his wife, *as executors as aforesaid*, the sum of three thousand four hundred and sixty-seven dollars.

Upon this affidavit, the plaintiff issued a writ of attachment to the Sheriff of the county of Essex, commanding him to attach the defendants by *their* goods and chattels, lands and tenements monies and effects, rights and credits, in his bailiwick, so that they be and appear, &c. to answer, &c.

The Sheriff returned, that by virtue of that writ, he had attached a certain debt, in the hands of Robert Morrell, due to them as executors, &c.

*Gifford*, for the defendants, moved to quash this writ as improvidently issued.

*De Hart, contra.*

The opinion of the Court was delivered by

HORNBLOWER, C. J. The writ is in *debet*, and yet it is against the defendants in their representative character; and although it is against them *as executors*, yet it commands the Sheriff to attach them by their own goods and chattels, &c. and as if to render the whole proceeding more absurd and incongruous, the Sheriff has executed it, by attaching a debt due the testator, against which it was not issued. The writ and return must therefore be quashed.

But lest it may be supposed that a better writ may be issued in this case, it is proper to express an opinion upon the general

question, whether a suit can be commenced by attachment, in any case, against executors or administrators.    If an attachment be issued against executors or administrators, in their representative character, it should command the Sheriff to seize the goods and chattels, &c. of the testator or intestate, and not the goods of the executors and administrators, for that would be manifestly unjust.

But an attachment under our statute, *Rev. Laws*, 355, is a proceeding *in rem ;* such a proceeding is obviously inconsistent with the law of the administration of estates, as established in this State, for though one object of the attachment, is to compel the appearance of the debtor, to answer to the suit of his creditors, *Fisher* v. *Lane*, 3 *Wils.* 303, yet if that appearance is not effected, the lien continues, and the assets must eventually go into the hands of the auditors, not to be administered by them according to the law of administration, but to be divided *pro rata*, among the applying creditors, in pursuance of the attachment act.    This would introduce great confusion in the settlement of estates of deceased persons.    This consideration is enough to satisfy us, that it was never in the contemplation of the legislature, to authorize a proceeding by attachment against executors or administrators, under the *first section* of the act. Again—2d, The plaintiff in attachment, must swear that his *debtor* absconds, &c. 1st *Section ;* or that " *he owes* " him a certain sum of money, 26th *Section.*    But executors and administrators, can only be sued *as such*, in the *detinet ;* and the creditor of the testator, or intestate, cannot swear that the executors or administrators *as such*, are his *debtors*, or that they *owe* him, the debt.    3d, Executors and administrators when sued *as such*, cannot be held to *bail ;* but if proceeded against by attachment, they must enter into special bail, by the very terms of the act ; otherwise they cannot appear and defend the suit.

It is however insisted by the plaintiff's counsel, that this is a foreign attachment, and is authorized by the 27th *Section* of the act.    *Rev. Laws*, 362.    The provisions of that section, are limited to the case of *joint* obligors or *joint* debtors residing abroad — *Curtis* v. *Hollingshead*, 2 *Green's R.*  402, and

admitting that by force of that section, an attachment may issue against the *non-resident* executors, or administrators, of such foreign *joint* obligors or debtors, about which there may be some question, notwithstanding what was incidentally said by this court in *Curtis* v. *Hollingshead;* yet this is not such a case. It does not indeed appear where Lewis Bergh the testator resided at the time of his death, or where his will was proved. But if the defendants have proved the will in this State, then, as has already been shown, they cannot be sued by attachment; and if they have not, then upon general principles established by repeated decisions, *Executors of Clymer* v. *James and al.* in *Chan. N. J. per Williamson, October term,* 1824 ; *Fenwick* v. *Sears' adminis.* 1 *Cranch,* 259, 282 ; *Dixon's Executors* v. *Ramsay's Executors,* 3 *Cranch.* 319, 324 ; they can neither sue, nor be sued here. If therefore they should appear to this suit, and plead *ne unques executor,* they must have judgment.

It is true, if an attachment should be issued against a *non-resident* executor, or of a deceased *joint debtor,* who died abroad, the same difficulty would exist. Whether in such a case, the executors would be permitted to appear without putting in special bail; or having appeared, would be permitted to plead *ne unques executor,* are questions that must be settled, when the case arises. This is not such a case, and therefore the writ must be quashed.

*Writ quashed.*

CITED in *Van Emburgh* v. *Pullinger,* 1 *Harr* 459 ; *Walker* v. *Anderson,* 3 *Harr.* 219; *Smith* v. *Warden,* 6 *Vr.* 349.